United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

EUGENE HART, JR.,

Plaintiff,

v.

MERIT SYSTEM PROTECTION BOARD, et al.,

Defendants.

Case No. 26-cv-04499-LB

**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS**

Re: ECF No. 9

The plaintiff, who is representing himself and proceeding in forma pauperis, sued Lynette Lewis and Ron Clark, both of whom he alleged are related to the Merit System[s] Protection Board, asserting claims for extortion and violation of the plaintiff's "Legal Rights" and claiming that the plaintiff entered his past marriage on false pretenses and, thus, "never married at all" and that someone tampered with a death or birth certificate.[1] Because the plaintiff is proceeding in forma pauperis, the court screened the case under 28 U.S.C. § 1915(e)(2)(B) and issued an order (attached) identifying deficiencies in the complaint: the plaintiff fails to plead subject-matter jurisdiction (the parties are not diverse, and there are no federal claims), and the court cannot tell if the statute of limitations has run because the plaintiff pleaded no dates. The court allowed the

[1] Compl. – ECF No. 1 at 3:16–18, 5:13–20, 6:15–19. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

plaintiff until September 7, 2026, to amend the complaint.[2] He did not. There are no viable claims. The case should be dismissed.

Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case. Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Civil L.R. 72-3. Failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 14, 2026

LAUREL BEELER
United States Magistrate Judge

[2] Order – ECF No. 9. The earlier order directed a response by September 7, 2026. That day was a holiday, which means that the actual deadline was September 8, 2026. Fed. R. Civ. P. 6(a)(1)(C). The plaintiff is not an efiler, which means the deadline for the response is extended by three days. Fed. R. Civ. P. 6(d); Civil L.R. 6(d).